UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY CARRENO GOPAR,<br><br>                         Plaintiff,<br><br>   v.<br><br>NATIONSTAR MORTGAGE, LLC, *et al.*,<br><br>                        Defendants. | Case No. 13-cv-2292-W (DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART NATIONSTAR'S MOTION TO DISMISS [DOC. 8]** |

On August 13, 2013, Plaintiff Rey Carreno Gopar commenced this action against Defendants Nationstar Mortgage, LLC ("Nationstar") and Freo California, LLC in the San Diego Superior Court. Thereafter, Nationstar removed this action to this Court. Nationstar now moves to dismiss Mr. Gopar's First Amended Complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mr. Gopar opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Nationstar's motion to dismiss.

I.      BACKGROUND

On or about May 27, 2005, Mr. Gopar purchased real property in Oceanside, California under a deed of trust duly recorded in the County of San Diego. (FAC ¶¶ 1, 3.) He was subsequently notified that Nationstar became the servicer of the note and deed of trust, and he was directed to make monthly payments to Nationstar. (Id. ¶ 4.)

Sometime thereafter, Mr. Gopar "encountered some difficulty in making the monthly payments on the property and incurred arrears in the payments." (FAC ¶ 4.)

On an unspecified subsequent date, Mr. Gopar alleges that he, "as allowed under the U.S. Department of Treasury Home Affordable Modification Program (HAMP), made a timely request for a loan modification and submitted a complete loan modification package to Nationstar for consideration." (FAC ¶ 4.) He adds that "Nationstar undertook review of plaintiff's application and for several months held plaintiff's loan modification under review." (Id. ¶ 5.) And, "[d]uring the interim, plaintiff kept in touch with Nationstar and provided all documentation and information required for consideration of a loan modification." (Id.)

On another unspecified date, Mr. Gopar alleges that Nationstar filed a Notice of Default and Election to Sell the property and commenced foreclosure proceedings while his loan-modification application was "under consideration." (FAC ¶¶ 5–6.) Mr. Gopar allegedly "protested this procedure and requested assistance from the Making Home Affordable (MHA Help)." (Id. ¶ 6.) According to Mr. Gopar, "MHA escalated plaintiff's request for assistance and on March 8, 2013[,] Defendant Nationstar sent plaintiff [sic] written notification that it was reviewing plaintiff's concerns and would provide MHA Help a [sic] response no later than April 7, 2013." (Id.) Nationstar then postponed the trustee's sale from an unspecified date to April 2, 2013. (Id. ¶ 7.)

On April 2, 2013, the property was sold at a trustee's sale. (FAC ¶ 8.) Shortly thereafter, Mr. Gopar's counsel sent a letter to Nationstar "demanding that the unlawful foreclosure sale be rescinded." (Id.) According to Mr. Gopar, one month later, on May 24, 2013, "Nationstar acknowledged it made a mistake regarding the sale

of plaintiff's property and approved a Trial Payment Plan loan modification with payments." (Id.) Mr. Gopar further alleges that he "has made payments as required under the Trial Payment Plan Agreement and is still making payments to Nationstar, each of which Nationstar has accepted and kept for its use to the exclusion of plaintiff." (Id.)

On or about June 4, 2013, Nationstar "apparently" filed a Notice of Rescission of the "wrongful foreclosure sale it had conducted." (FAC ¶ 9.) Though neither he nor his counsel were notified of the rescission, Mr. Gopar nonetheless continued making payments in accordance with the Trial Payment Plan Agreement. (Id.)

On August 2, 2013, Nationstar denied Mr. Gopar's loan-modification application, based allegedly on his "fail[ure] to make the required Trial Period Plan payments." (FAC ¶ 11.) Mr. Gopar insists that he "has not failed to make Trial Period Plan Payments and is current on said payments," and "[i]n fact[,] . . . has performed in excess of the requirements of the Trial Period Plan Agreement." (Id.)

On August 13, 2013, Mr. Gopar commenced this action in the San Diego Superior Court. Thereafter, Nationstar removed this action to this Court. To date, Freo California has not appeared in this action. On October 28, 2013, Mr. Gopar filed his FAC, asserting causes of action for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) conversion; (4) promissory estoppel; (5) fraud / misrepresentation; (6) negligence; (7) negligent infliction of emotional distress ("NIED"); and (8) unfair and unlawful business practices. Nationstar now moves to dismiss the FAC. Mr. Gopar opposes.

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and

construe them in light most favorable to the nonmoving party. <u>Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.</u>, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on

other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. Id. It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. DISCUSSION

#### A. Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Promissory Estoppel, and Fraud

A claim for breach of contract requires that a plaintiff plead: (1) the existence of a contract, (2) a breach of the contract by defendant, (3) performance or excuse of non-performance on behalf of the plaintiff, and (4) damages suffered by the plaintiff as a result of the defendant's breach. McDonald v. John P. Scripps Newspaper, 210 Cal. App. 3d 100, 104 (1989). Every contract also contains an implied covenant of good faith and fair dealing that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (internal quotation marks omitted). Thus, "the implied covenant of good faith and fair dealing protects only the parties' right to receive the benefit of their agreement." Foley v. Interactive Data Corp., 47 Cal. 3d 654, 698 n.39 (1988). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." Wolf v. Walt Disney Pictures & Television, 162 Cal. App. 4th 1107, 1120 (2008).

The elements for a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting estoppel must be injured by his reliance. Aceves v. U.S. Bank, N.A., 192 Cal. App. 4th 218, 225 (2011). "[P]romissory estoppel is distinct from contract in that the promisee's justifiable and detrimental reliance on the promise is regarded as a substitute for the

consideration required as an element of an enforceable contract." Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc., 211 Cal. App. 4th 230, 242 (2012) (italics and internal quotation marks omitted).

In challenging Mr. Gopar's causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and fraud, Nationstar argues that Mr. Gopar "fails to show that Nationstar breached any agreement or promise or made any untrue representation because plaintiff implicitly admitted that he breached the HAMP trial period plan" in the initial complaint that has since been superseded by the FAC. (Def.'s Mot. 6:3–7:11.) The allegation that Nationstar contends constitutes an admission states: "Plaintiff contends, while he has not made recent payments on the property, he owes nothing to these defendants who have taken plaintiff's property through foreclosure sale." (Id.) Nationstar emphasizes the language "he has not made recent payments on the property," suggesting that that allegation incontrovertibly demonstrates that Mr. Gopar admitted to not making a required payment of $1,703.17 on July 1, August 1, and September 1, 2013. (Id. at 6:5–10.) The Court disagrees.

Accepting for the sake of argument that the allegation is a proper admission, the language of Mr. Gopar's statement in the initial complaint is vague as to its meaning. This is especially true in light of Mr. Gopar's insistence that he "has not failed to make Trial Period Plan Payments and is current on said payments," and "[i]n fact[,] . . . has performed in excess of the requirements of the Trial Period Plan Agreement." (See FAC ¶ 11.) Even though Mr. Gopar's reference to recent payments is plural, he could be referring to a payment presumably due on October 1, 2013, or payments moving forward during the pendency of this action. Therefore, based on the argument presented, and construing the facts in light most favorable to Mr. Gopar, Nationstar fails to show that these causes of action lack facial plausibility. See Iqbal, 556 U.S. at 678.

//

Nationstar also presents a much more compelling argument for dismissal that Mr. Gopar fails to establish all of the essential elements for these four causes of action for the first time in its reply brief. (Def.'s Reply 4:2–6:10.) However, "[t]he district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). This principle is particularly important because arguments presented for the first time in a reply brief deprive the opposing party of an opportunity to address those arguments. Consequently, the Court will not consider Nationstar's argument raised for the first time in its reply brief.

Accordingly, the Court **DENIES** Nationstar's motion as to the causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and fraud.

### B.     Conversion

"Conversion is the wrongful exercise of dominion over the property of another." Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066 (1998). Its elements are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Id. "Conversion is a strict liability tort." Id. "The foundation of the action rests neither in the knowledge nor the intent of the defendant." Id. Similarly, "[a]n action for conversion requires neither legal title nor absolute ownership of the property." Spates v. Dameron Hosp. Ass'n, 114 Cal. App. 4th 208, 222 (2003). Possession or a right to immediate alone may be sufficient. See id.

Nationstar argues that: (1) as indebted party, Mr. Gopar is barred as a matter of law from claiming that any alleged payments toward his loan, including the HAMP trial plan payments, were misappropriated, commingled, or were for the benefit of another; and (2) the conversion claim fails because Mr. Gopar "tendered the trial payments to Nationstar voluntarily." (Def.'s Mot. 7:12–8:23.) Mr. Gopar provides very little analysis in response. He directs the Court's attention to the allegation that "Nationstar

took money and then converted it for its own use[,]" and "[a]ssuming plaintiff's claim for fraud and the inducements for payment of the TPP funds from plaintiff as alleged therein constitute sufficient facts for such claim, there is also support for a plausible action for conversion." (Pl.'s Opp'n 13:15–28, 14:9–20.)

Mr. Gopar's arguments wholly fail to address the ones put forth by Nationstar. He fails to direct the Court to any allegations in the FAC that show that he did not consent to the transfer of money. He also suffers from the same failure regarding Nationstar's argument that he is barred from bringing a conversion claim because of the outstanding debt, where he further fails to provide any legal authority to contradict Nationstar. Mr. Gopar contends that Nationstar "claims it never received any funds" from him, but again, he fails to direct the Court to where he alleges that in the FAC. These failures to respond lead the Court to conclude that Mr. Gopar concedes to the merits of Nationstar's arguments.

Accordingly, the Court **GRANTS** Nationstar's motion as to conversion.

### C.     Negligence, and Negligent Infliction of Emotional Distress

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (1998). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1095 (1991). "The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." <u>McGettigan v. Bay Area Rapid Transit Dist.</u>, 57 Cal. App. 4th 1011, 1016-17 (1997) (internal quotation marks omitted). "In the first situation, [the defendant] is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." <u>Id.</u> However,

"[t]here is no affirmative duty to render assistance unless the defendant stands in a special relationship to the plaintiff or has put the plaintiff in a position of peril." Id. Thus, "absent a duty, the defendant's care, or lack of care, is irrelevant." Software Design & Application, Ltd. v. Hoefer & Arnett, Inc., 49 Cal. App. 4th 472, 481 (1996).

Similarly, a claim of NIED "contains the traditional elements of duty, breach, causation and damages." Jacoves v. United Merch. Corp., 9 Cal. App. 4th 88, 106 (1992). "NIED claims are merely a species of negligence, and thus, a [p]laintiff asserting an NIED claim must show that the defendant owed the plaintiff a duty of care." Schwartz v. Lassen Cnty. ex rel. Lassen Cnty. Jail (Detention Facility), 838 F. Supp. 2d 1045, 1061 (E.D. Cal. 2012) (citing Lawson v. Mgmt. Activities, 69 Cal. App. 4th 652, 656 (1999)).

In California, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" Id. (quoting Conner v. Great W. Sav. & Loan Ass'n, 69 Cal. 2d 850, 864 (1968)). "[A] loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." Luceras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 67 (2013).

Nationstar argues that it owes no duty to Mr. Gopar. California law supports Nationstar's argument. See Nymark, 231 Cal. App. 3d at 1096; Luceras, 221 Cal. App. 4th at 67. Beyond Mr. Gopar's unsupported declarations that Nationstar "clearly had a duty," the only substantive response that Mr. Gopar presents is a cryptic explanation that Nationstar's actions were "clearly outside of its role as a lender" supported by Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872 (2013). Mr. Gopar does not explain how or why Jolley establishes Nationstar's duty to him.

Additionally, <u>Luceras</u> was decided after <u>Jolley</u>, where the <u>Luceras</u> Court explicitly "disagree[d] with <u>Jolley</u> to the extent it suggests a residential lender owes a common law duty of care to offer, consider, or approve a loan modification, or to explore and offer foreclosure alternatives." <u>Luceras</u>, 221 Cal. App. 4th at 67. Thus, the Court will follow <u>Luceras</u> insofar as it having any conflicting principles with <u>Jolley</u>.

Accordingly, the Court **GRANTS** Nationstar's motion as to negligence and negligent infliction of emotional, and **DISMISSES WITH PREJUDICE** these causes of action.

### D. Unfair and Unlawful Business Practices

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200. This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant. <u>Khoury v. Maly's of Cal., Inc.</u>, 14 Cal. App. 4th 612, 619 (1993).

Standing to bring a UCL claim requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that (1) she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. <u>Rubio v. Capital One Bank</u>, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citing <u>Birdsong v. Apple, Inc.</u>, 590 F.3d 959-60 (9th Cir. 2009); <u>Hall v. Time Inc.</u>, 158 Cal. App. 4th 847, 855-56 (2008)).

Nationstar argues that Mr. Gopar did not sustain any injury because he "did not lose any money as he is indebted at least $338,478.72 under the subject loan," and because Mr. Gopar "has not and will not unlawfully lose any property." (Def.'s Mot. 10:23–11:24; Def.'s Reply 9:24–10:16.) Nationstar explains that any sale of the subject property at a future trustee's sale would not be unlawful because Mr. Gopar was notified that he did not qualify for a permanent loan modification, and that notification

presented the proper procedure for filing any appeal of the denial. (Def.'s Mot. 11:8–21.) Mr. Gopar's response focuses solely on lost rental income as a result of the foreclosure, which he contends satisfies the injury requirement for a UCL action. (Pl.'s Opp'n 16:14–17:6.)

Though lost rental income may be a valid injury, Mr. Gopar fails to address the issue of whether there is a causal connection between any alleged UCL violation and the injury. Nationstar takes the position that it acted lawfully in its conduct regarding the subject property, directing the Court's attention to allegations in the complaint and relevant documents; Mr. Gopar entirely fails to address that position. Without more, Mr. Gopar fails to adequately assert a cause of action for UCL violations. See Cal. Bus. & Prof. Code § 17204; Rubio, 613 F.3d at 1203-04.

Accordingly, the Court **GRANTS** Nationstar's motion as to Mr. Gopar's cause of action for UCL violations.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Nationstar's motion to dismiss. (Doc. 8.) Consequently, the Court **DISMISSES WITH PREJUDICE** Mr. Gopar's causes of action for negligence and negligent infliction of emotional distress, and **DISMISSES WITHOUT PREJUDICE** his causes of action for conversion and UCL violations.

**IT IS SO ORDERED.**

**DATE: April 17, 2014**

HON. THOMAS J. WHELAN
United States District Court
Southern District of California